# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

ROBIN CURRIN,

        Plaintiff,

v.

PRESIDIO NETWORKED SOLUTIONS
GROUP, LLC, a Delaware Limited
Liability Corporation, and
KRISTINA MAXWELL,

        Defendants.

3:16-cv-02177-BR

OPINION AND ORDER


CRAIG A. CRISPIN
ASHLEY A. MARTIN
Crispin Employment Lawyers
1834 S.W. 58th Ave., Suite 200
Portland, OR 97221
(503) 293-5770

        Attorneys for Plaintiff

JOHN A. BERG
CODY E. SCHVANEVELDT
Littler Mendelson, P.C.
121 S.W. Morrison St., Suit 900
Portland, OR 97204
(503) 221-0309

        Attorneys for Defendants

**BROWN, Senior Judge.**

This matter comes before the Court on the Motion (#88) of Defendants Presidio Networked Solutions Group, LLC, and Kristina Maxwell to Compel Discovery and Sanction Plaintiff, the separate Status Report (#91) filed by Defendants, and the separate Status Report (#92) filed by Plaintiff. Because the record is sufficiently developed to resolve these matters, the Court concludes oral argument is unnecessary.

For the reasons that follow, the Court **GRANTS in part** Defendants' Motion, imposes sanctions against Plaintiff and in favor of Defendants and orders counsel for both sides to show cause why the Court should not also sanction them for their repeated failures to cooperate to advance this matter within reasonable deadlines and to confer meaningfully on issues in dispute. The Court also sets further deadlines as specified herein.

## BACKGROUND

On November 16, 2016, Plaintiff Robin Currin filed her Complaint (#1) against various Defendants in which she alleges employment claims for gender discrimination, retaliation, aiding and abetting, breach of contract, breach of the covenant of good faith and fair dealing, and *quantum meruit* as a result of Defendant Presidio's termination of Plaintiff's employment. As

part of her claims Plaintiff alleges Presidio wrongfully withheld from Plaintiff commission payments of over $72,000 that Presidio owed Plaintiff at the time of her termination. Plaintiff also alleges she expected over $203,000 in commissions from work completed but not yet paid and that Presidio intentionally terminated Plaintiff to avoid paying her these additional commissions.

In addition, Plaintiff alleges Defendant Maxwell was an agent of Presidio who aided and abetted Presidio in violating Plaintiff's rights under state law.

On January 17, 2017, Defendants filed their Answers (#8, #10) to Plaintiff's Complaint. On February 24, 2017, Defendants filed an Amended Answer (#17) to Plaintiff's Complaint.

In March 2017 Defendants submitted to Plaintiff their first Request for Production (RFP) of documents.

On March 17, 2017, the Court set case-management deadlines, including a deadline of July 28, 2017, to complete fact discovery.

On March 22, 2017, Plaintiff filed a First Amended Complaint (FAC)(#25) and asserted the same claims as those alleged in her original Complaint, but she removed all Defendants except Presidio and Maxwell.

On April 14, 2017, Defendants filed an Answer (#27) to the FAC and asserted 12 Affirmative Defenses to Plaintiff's claims.

On April 28, 2017, the parties filed a Joint Status Report (#28) regarding the status of discovery and indicated the parties might need an extension of the existing case-management deadlines.

On May 4, 2017, the Court directed the parties "to file a single joint proposal setting forth the parties' positions regarding the requested extensions together with counsel's certification that the requested extensions are sufficient and that the parties will not seek additional extensions absent extraordinary circumstances." Order (#29).

On June 27, 2017, the parties filed a joint Motion (#34) to Extend Pretrial Deadlines and requested the Court to extend to October 30, 2017, the deadline to complete fact discovery. The Court granted the parties' request. Order (#35).

On October 6, 2017, however, the parties again jointly requested to extend the discovery deadline. Mot. (#39).

On October 11, 2017, the Court granted the parties' request and set December 29, 2017, as the new deadline to complete fact discovery. Order (#40). Nevertheless, on November 30, 2017, the parties jointly requested yet another extension of the discovery deadline. Mot. (#41).

On December 7, 2017, the Court granted the parties' fourth request to extend the discovery deadline; set a deadline of January 29, 2018, to complete fact discovery; and again cautioned

the parties that "[n]o further extensions will be granted except under extraordinary circumstances." Order (#42).

On January 16, 2018, the parties filed a Joint Status Report on Fact Discovery (#43) in which they stated:

> The parties have diligently and cooperatively pursued discovery in this case and have been successful in avoiding discovery disputes. Between the parties, over 12,593 pages of documents have been produced.

The parties also noted they were pursuing mediation, that Defendants would seek to amend their Answer "to conform to the evidence" if the matter was not resolved, and that Plaintiff would request a brief extension of fact discovery to allow a different attorney to take the lead as counsel for Plaintiff.

On January 23, 2018, Defendants filed a Motion (#44) for Leave to Amend Answer and Conduct Related Discovery. Defendants sought to amend their previous Answer to include additional affirmative defenses as well as a counterclaim against Plaintiff. Plaintiff opposed Defendant's request to add a counterclaim and simultaneously filed an Unopposed Motion (#47) to Extend Pretrial Deadlines based on the appointment of Plaintiff's lead counsel to the Multnomah County Circuit Court.

On January 25, 2018, the Court extended for the fifth time the deadline to complete discovery to February 12, 2018. Order (#48).

On March 7, 2018, the Court granted Defendants' Motion to amend their Answer, and, in light of the expansion of issues in

Defendants' Amended Answer, the Court also extended for the sixth time the deadline to complete related discovery to June 29, 2018. Order (#58). In addition, the Court directed the parties to file on August 10, 2018, a joint status report and to indicate "whether any party anticipates filing dispositive motions and, if so, the factual and legal basis thereof."

On March 16, 2018, Defendants filed their Amended Answer (#59), which, as proposed, included additional Affirmative Defenses and a Counterclaim against Plaintiff for breach of contract.

On May 25, 2018, before the expiration of the sixth deadline to complete discovery, Defendants filed a Motion (#63) for Summary Judgment against some of Plaintiff's claims and stated additional dispositive motions "were anticipated" after completion of discovery.

On June 12, 2018, the Court struck Defendants' Motion for Summary Judgment on the grounds that discovery was not complete, the Motion was premature, and *seriatim* dispositive motions did not serve the "just, speedy, and inexpensive" resolution of this case as required by Federal Rule of Civil Procedure 1. Order (#73). The Court reiterated that the previously set discovery deadline of June 29, 2018, remained in effect and reminded the parties of the Court's requirement to file a joint status report on August 10, 2018, regarding possible dispositive-motion

practice.

On June 14, 2018, Defendants sought a seventh extension of the discovery deadline and filed an unopposed Motion (#74) to Extend Deadline for Third-Party Discovery Motions.

On June 15, 2017, Defendants filed a Motion (#78) to Compel Plaintiff's Answer to Interrogatory.

On June 19, 2018, the Court granted Defendants' Motion (#74) and set July 6, 2018, as the deadline to complete third-party discovery. Order (#81).

On June 28, 2018, the Court denied Defendants' Motion (#78) to Compel Plaintiff's Answer to Interrogatory, but the Court allowed Defendants to reopen Plaintiff's deposition for the limited purpose of asking follow-up questions regarding Plaintiff's earlier Response. The Court, therefore, also extended for the eighth time the deadline to complete fact discovery to July 31, 2018. Order (#86).

On July 31, 2018, Defendants filed their pending Motion (#88) to Compel Discovery and Sanction Plaintiff. On August 10, 2018, the parties each filed a Status Report (#91, #92). On August 15, 2018, Plaintiff filed a Response (#93) to Defendants' pending Motion.

On September 4, 2018, Defendants filed a Motion (#96) for Leave to Amend Motion to Sanction Plaintiff or, in the Alternative, File a Reply Brief. On September 10, 2018, however,

Plaintiff filed a Response (#101) to Defendants' Motion indicating she did not oppose Defendants' request to amend their earlier Motion. The Court notes the parties could have reached that same position if they had conferred meaningfully before Defendants filed their Motion (#96).

On September 11, 2018, the Court granted in part Defendants' Motion for Leave to Amend and allowed Defendants to file a supplemental brief in support of their Motion for Sanctions. Order (#103).

On September 17, 2018, Defendants filed their Supplemental Memo (#104) in support of the Motion for Sanctions, and on September 24, 2018, Plaintiff filed a Supplemental Response (#106) in opposition when the Court took Defendants' Motion under advisement.

With more than 100 filings in this matter that has been pending for nearly two years but still has not advanced to the completion of fact discovery, the Court concludes the record is sufficiently developed to resolve a majority of the pending discovery and case-management issues without oral argument.


## STANDARDS

A federal court is vested with the authority to sanction litigants for discovery abuses pursuant to both the Federal Rules of Civil Procedure and the court's inherent power to prevent

abuse of the judicial process. *See Chambers v. NASCO*, Inc., 501 U.S. 32, 44-46 (1991). *See also Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir.2004)). When a party fails to comply with a discovery order, Federal Rule of Civil Procedure 37(b)(2) authorizes the court to impose a range of sanctions, including viewing facts as established against the violating party, precluding evidence, dismissing the action, or entering default judgment. The decision to impose sanctions lies within the sound discretion of the court regardless whether sanctions are imposed under the Federal Rules of Civil Procedure or pursuant to a court's inherent power. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1109-14 (9th Cir. 2005)(reviewing sanctions imposed under the court's inherent power).

The court has "broad discretion in fashioning sanctions." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1065 n.8 (9th Cir. 2007)(citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006), and *Ritchie v. United States*, 451 F.3d 1019, 1026 (9th Cir. 2006)).

## DISCUSSION

I.  **Defendants' Motion to Compel and Sanction Plaintiff**

   A.  **Background**

      As noted, after numerous discovery extensions, the Court set a firm and final deadline of July 31, 2018, for the

parties to complete all fact discovery. Only two business days before that deadline expired, however, Plaintiff produced 556 pages of discovery to Defendants at 5:17 p.m., Friday, July 27, 2018. Moreover, on August 28, 2018, after Defendants' Motion to Compel and Sanction Plaintiff was fully briefed, Plaintiff produced an additional 16,000 text messages related to this matter.

Defendants contend Plaintiff's last-minute production of this discovery is "highly" prejudicial because the discovery is directly relevant to Plaintiff's claims and should have been produced in response to Defendants' written discovery requests 15 months earlier in March 2017. Defendants also argue Plaintiff has obstructed discovery; failed to provide complete disclosures, including false and evasive deposition testimony; and prejudiced Defendants by the concealment of the recently-produced evidence that Defendants contend is directly relevant to Presidio's prosecution of its Counterclaim and Defendants' defense against Plaintiff's claims. Defendants emphasize they have expended significant time and expense as a result of Plaintiff's conduct and her late production of documents. Moreover, Defendants maintain this additional discovery necessitates the reopening of discovery, establishes Plaintiff "surreptitiously violated her restrictive covenants and diverted business from Presidio," and shows Plaintiff "intentionally retained Presidio's laptop and its

sensitive contents" despite Plaintiff's claim that she "did not even realize she had the material in her possession."

In their Motion Defendants ask the Court for the following relief: (1) to extend once again the fact-discovery period for an additional three months; (2) to allow a forensic examination of all personal email accounts and electronic devices used by Plaintiff since January 1, 2015; (3) to direct Plaintiff to make a full production of documents responsive to Request for Production (RFP) Nos. 1, 2, 4, and 29 of its March 10, 2017 RFP and No. 51 of its November 21, 2017, RFP; (4) to allow the reopening of Plaintiff's deposition without limitation; (5) to allow the re-opening of third-party depositions of Shannon Vanderford, Goran Ognjenovic, and Andy Caldwell; and (6) to allow the re-issuing of subpoenas for documents and Rule 30(b)(6) depositions of third-parties Zones and Dell EMC. Defendants also seek sanctions against Plaintiff for the costs and attorneys' fees they incurred for (1) the filing of the earlier Motion (#44) to Amend Answer and Conduct Related Discovery in January 2018; (2) the filing of this Motion to Compel; (3) the previous subpoenas related to negotiations with Zones and Dell EMC; (4) any additional depositions of third parties and Plaintiff that the Court permits; and (5) the forensic examination of Plaintiff's electronic devices and accounts.

In response Plaintiff asserts she has acted in good

faith by previously producing nearly 3,500 pages of documents
Defendants sought. In particular, Plaintiff emphasizes part of
the late-produced documents in July 2018 were emails from her
personal email account that were sent to her attorney in an
electronic file in response to Defendants' first RFP in March
2017, but that email with the attached electronic file was
apparently blocked by her attorney's email network firewall and
security programming. As a result, Plaintiff's counsel was
unaware the file existed, and, therefore, counsel did not produce
the emails in the electronic file. Plaintiff also contends she
did not learn the earlier electronic file had not been received
by her attorney and produced to Defendants until Defendants
informed Plaintiff's counsel that Defendants had obtained records
from third-party Zones that included email exchanges between
Plaintiff and Vanderford that were part of that electronic file
and that Plaintiff had not produced to Defendants. Plaintiff
states she again attempted to retrieve the emails from her
account, but she was unable to do so. Ultimately an IT
specialist manually downloaded these emails on July 25, 2018, and
provided them to Defendants.

Plaintiff also concedes she did not disclose to
Defendants the electronic contents of a telephone that she used
during the time relevant to this case, but Plaintiff seeks to
excuse this "oversight" because she gave this telephone to the

attorney previously handling this matter, who placed it in the law firm's safe where it was subsequently discovered. According to Plaintiff, it was not until issues arose regarding the existence of other communications not produced for Defendants that the location and contents of this telephone were "rediscovered." Plaintiff asserts the telephone was unencrypted on August 13, 2018, and she produced the contents to Defendants, including 16,000 text messages, on August 28, 2018.

The Court notes Plaintiff does not object to reopening discovery for an additional 60 days and to reopening Plaintiff's deposition, but Plaintiff requests her deposition to be limited to issues related to the recent production of documents and related communications.

Finally, Plaintiff contends sanctions against her are not appropriate because despite these numerous "oversights" she has acted in good faith and attempted to comply with Defendants' discovery requests. Moreover, Plaintiff argues Defendants' characterization of what the most recently produced emails and text messages indicate is speculative and inaccurate. For example, Defendants contend the emails show Plaintiff violated the nonsolicitation clause of her employment contract, but Plaintiff argues the emails merely reflect she was being actively recruited by another company and she was responding to them.

B.    **Analysis**

In recent months the parties have demonstrated escalating and highly contentious behavior.  From the Court's perspective there seems to have been little cooperative effort between the parties to focus the issues and to move this case forward.  Despite the parties' earlier assurances that they were working together and notwithstanding the Court's repeated reminders to the parties to work together to meet deadlines, it has been necessary for the Court to grant the parties numerous extensions of time (eight to date) to complete fact discovery.  As noted, this case is nearly two years old, and again the parties are in conflict over discovery and seek yet another time extension to complete fact discovery.

The Court primarily attributes this extraordinary number of discovery extensions to the parties' repeated failures to work cooperatively and to confer meaningfully.  A recent example of counsel's obvious failure to communicate meaningfully as required by LR 7-1(a) is the lack of any direct communication between them regarding Defendants' Motion for Leave to Amend the Motion to Compel.  The record reflects defense counsel, in anticipation of their Motion, left a voicemail message in an attempt to begin to confer with Plaintiff's counsel.  Although Plaintiff's counsel later responded to defense counsel by email stating Plaintiff did not oppose the Motion, Defendants,

nevertheless, filed their Motion for Leave and inexplicably certified they "made a good faith effort by telephone to resolve the issues" when it is evident that the parties did *not* meaningfully confer.

In any event, in response to the merits of Defendants' sanctions Motion, Plaintiff emphasizes she provided her attorney in March 2017 with an electronic file of documents from her personal email account responsive to Defendants' March 2017 RFP. As noted, it appears Plaintiff's counsel did not actually receive that file because it was blocked by the firewall for counsel's email system. Nevertheless, there is not any evidence that Plaintiff made any effort to confirm that the file was, in fact, received and reviewed by her attorney. Similarly, Plaintiff's counsel failed to verify that they had obtained all responsive documents from Plaintiff. As a result of this lack of basic communication between counsel and client, Plaintiff's counsel responded "no such documents exist" to one of Defendants' March 2017 RFP's for documents related to sales activities that Plaintiff had engaged in since June 2015 with current or former customers of Presidio when, in fact, numerous responsive documents did exist and were in the possession and control of Plaintiff and her counsel. At a minimum, Plaintiff should have known such a response was inaccurate since such documents were, in fact, part of the electronic email file that Plaintiff said

she had earlier sent to her counsel.

Similarly, Plaintiff "forgot" she had another telephone that she had given to her previous attorney that also contained discoverable communications from the relevant time.

The Court notes Plaintiff has the burden and duty of production of all materials related to her claims against the Defendants even without a formal request for discovery. Fed. R. Civ. P. 26(a)(1)(A)(ii). It appears to the Court that both Plaintiff and her counsel have demonstrated over time an unfortunate lack of diligence to ensure that all responsive documents were provided to Defendants in response to their formal discovery requests. Moreover, the last-minute production of volumes of relevant material after numerous extensions of time to complete fact discovery has obviously prejudiced Defendants' ability to defend the claims asserted against them and to prosecute their Counterclaim on the current, already-extended case-management schedule.

The Court notes Plaintiff argues the fact that she ultimately produced emails and text messages after she learned they had not been produced negates any conclusion that she engaged in purposeful misconduct. On this record, however, the Court concludes the irresponsible inattention of Plaintiff and/or her counsel toward Plaintiff's obligation to provide complete discovery of materials of which she was fully aware are

"tantamount to bad faith." *See Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

The Court, therefore, concludes Defendants' Motion to Compel should be granted in part, case-management deadlines must again be extended as a result, and an award of sanctions is warranted as follows:

1.  The Court directs Plaintiff, to the extent not already produced, to produce **no later than October 31, 2018**, all responsive documents related to the Samsung Galaxy telephone and all of her email accounts, including Gmail, AOL, and LinkedIn.

2.  The Court directs Plaintiff, to the extent not already produced, to make a full production **no later than October 31, 2018**, of all documents responsive to Defendants' Request for Production Nos. 1, 2, 4, and 29 of its March 10, 2017, RFP and No. 51 of its November 21, 2017, RFP.

3.  The Court directs Plaintiff and her counsel to file **no later than October 31, 2018,** personal certifications that they have made full production of all responsive documents specified in paragraphs 1 and 2 above.

4.  The Court allows Defendants to conduct additional third-party discovery as requested and directs such discovery to be completed **no later than December 7, 2018**.

5.  The Court allows Defendants to reopen and to take Plaintiff's deposition for up to an additional eight hours.  In

light of Plaintiff's incomplete discovery responses to date,
however, the Court does not limit the subject matter of this
additional deposition only to questions regarding the recent
production of documents, and Defendants may inquire as to any
relevant matters.  Plaintiff's re-opened deposition must be
completed **no later than December 7, 2018**.  If the parties
anticipate the Court should be available to rule on deposition
objections in real time, they should schedule this deposition to
occur at the
Mark O. Hatfield United States Courthouse at a time when the
undersigned is personally available to make such rulings.

6.  The Court allows Defendants to conduct a forensic
examination of Plaintiff's electronic devices, but denies
Defendants' request for expenses for that analysis because
Defendants would have done so in any event had Plaintiff produced
the devices in a timely manner.

7.  The Court sets a **deadline of December 31, 2018**, for the
parties to complete all additional fact discovery.  Any fact
discovery motions must be filed only after full conferral and
**no later than December 10, 2018**, and a response to any such
motion must be filed within seven calendar days of the initiating
motion.  In light of the fact that the filing party must fully
confer with the opposing party and, therefore, will know the
opponent's position before filing a discovery motion, no reply is

permitted.  Also, in light of the numerous discovery delays to date, the Court will not permit any extension of these deadlines.

8.  The Court awards Defendants sanctions against Plaintiff for the reasonable attorneys' fees and costs that Defendants have incurred related to the following:  the reopening of Plaintiff's deposition; the attorneys' fees for the filing of Defendants' current Motion (#88) to Compel, Motion (#96) to Amend, and Supplemental Memo (#104); and the additional time and expense associated with the additional subpoenas and depositions of the third-party witnesses (Vanderford, Ognjenovic, Caldwell, Zones, and Dell EMC).  The Court directs the parties to attempt to negotiate the amount of these fees and costs after discovery is complete.  If the parties are not able to reach agreement as to these amounts, the Court will determine them in a litigated proceeding for which Plaintiff will also be required to pay Defendants' reasonable costs and attorneys' fees.

9.  The Court directs the parties to file **no later than December 31, 2018**, a Joint Status Report regarding the negotiation of these sanction issues.  If a resolution is not reached by that date, the Court directs Defendants to file **no later than January 14, 2019**, a Motion for Attorneys' Fees and Costs and supporting documents.  Plaintiff's response is due **no later than January 28, 2019**.  No reply is permitted, and the Court will take under advisement any disputed issues regarding

this sanctions award as of January 28, 2019.

**II.  Status Report Regarding Dispositive Motions**

As noted, on June 12, 2018, the Court directed the parties to file a "joint" status report on August 10, 2018, regarding their intent to file any dispositive motions.  Instead the parties each filed a separate Status Report on August 10, 2018.

**A.  <u>Failure to File Joint Status Report</u>**

At 10:30 p.m., August 10, 2018, Defendants filed a Status Report (#91), and at 10:48 p.m., August 10, 2018, Plaintiff filed a Status Report (#92).

Defendants contend Plaintiff agreed during conferral that she would file the joint status report, but, according to Defendants, as of 9:00 p.m., August 10, 2018, Plaintiff had not submitted her position statement for Defendants' review so Defendants filed their "joint report" alone.  Plaintiff has not offered any explanation as to why she did not provide her position statement to Defendants before filing her status report. This is yet another example of the lack of good-faith cooperation and last-minute "scrambling" by the parties.

As noted, the Court has repeatedly directed the parties in this matter to confer meaningfully and to file various joint reports reflecting the status of this matter.  Such joint filings obviously would require the parties to make a timely and good-faith effort to confer as to each side's position sufficiently

before the deadline for filing the joint statement. Although the "filing deadline" for submitting documents to the Court is 11:59 p.m. on the day the document is due pursuant to LR 5-3(b), the conferral process must necessarily occur well before any such deadline and usually should occur during normal business hours.

On this record the Court holds counsel for each side accountable for the parties' repeated failures to cooperate in order to meet various deadlines in this matter as well as their most recent failure to file a meaningful joint status report. Accordingly, the Court directs counsel for each side to show cause as to why the Court should not direct counsel for each side to pay $1,500.00 per side (a cost that counsel must not charge to their clients) to the Campaign for Equal Justice as a modest, monetary sanction for their repeated failures described herein. The Court directs counsel to confer as to this show-cause order and to file **no later than October 18, 2018**, a joint status report as to their respective positions regarding this proposed additional sanction. On receipt thereof, the Court will provide counsel with additional direction.

B.   **Filing of Dispositive Motions**

Finally, Defendants state they intend to file a dispositive motion against all of Plaintiff's employment claims (discriminatory termination, retaliatory discharge, gender discrimination, gender harassment) and all of Plaintiff's

contract claims on the same grounds asserted in Defendants'
earlier Motion for Summary Judgment, and Defendants state they
also intend to challenge the "miscellaneous contract-based claims
excluded from" that previous Motion. Defendants contend their
motion will be based on their position that there is not a
genuine dispute of material fact; that each of Plaintiff's claims
fail as a matter of law; that Plaintiff does not have any factual
support for any of her claims; and that summary judgment is the
most "just, speedy, and inexpensive" means to resolve this case.

Plaintiff reports she does not intend to file any
dispositive motions, continues to assert there are numerous
factual disputes between the parties that would preclude summary
judgment as to any of Plaintiff's claims, and asserts Defendants'
characterization of the evidence does not support a motion for
summary judgment.

As noted, Defendants previously filed a Motion for
Summary Judgment on May 25, 2018, when discovery was not yet
complete and before the parties had filed a joint statement of
agreed facts that the Court requires as a foundation for
dispositive-motion practice. Defendants also asserted in that
Motion that they intended to file additional dispositive motions
after discovery was complete. As noted, the Court concluded it
was not in the interests of judicial economy to allow *seriatim*

dispositive motions based on incomplete discovery, and, accordingly, the Court struck Defendants' original Motion as premature.

Moreover, even though this case has been pending nearly two years, discovery still has not been completed, Plaintiff has only recently produced hundreds of additional pages of discovery to Defendants, and Plaintiff's own deposition together with the depositions of several third-parties will be re-opened. In the face of such incomplete discovery, Defendants, nevertheless, contend there is not any genuine dispute of material fact regarding any of Plaintiff's claims or Defendants' Counterclaims. The Court, however, finds that assertion difficult to accept in light of the fact that Defendants are still insisting on more discovery in response to Plaintiff's most recent productions. The Court, therefore, continues to conclude that dispositive-motion practice is, at best, premature at this time.

Accordingly, in the exercise of its case-management discretion, the Court **DENIES** as premature Defendants' request to file a motion for summary judgment regarding either Plaintiff's Claims or their own Counterclaims. Instead the Court directs the parties to file **no later than January 4, 2019,** a single joint status report that addresses each of the issues as noted below.

## CONCLUSION

For the reasons stated, the Court **GRANTS in part** Defendants' Motion (#88) to Compel and Sanction Plaintiff and **AWARDS** sanctions against Plaintiff as set out herein. The Court **DIRECTS** the parties to file **no later than December 31, 2018,** a Joint Status Report regarding resolution of the sanctions issue. If the parties have not reached a resolution by that date, the Court **DIRECTS** Defendants to file **no later than January 14, 2019**, a Motion for Attorneys' Fees and Costs with supporting documents. Plaintiff's response is due **no later than January 28, 2019**, when the Court will take under advisement any disputed issues regarding the sanctions award.

On this record the Court holds counsel for each side accountable for the parties' repeated failure to cooperate in order to meet various deadlines in this matter as well as their most recent failure to file a meaningful joint status report. Accordingly, the Court **DIRECTS** counsel for each side to show cause as to why the Court should not direct counsel for each side to pay $1,500.00 per side (a cost that counsel must not charge to their clients) to the Campaign for Equal Justice as a modest, monetary sanction for their repeated failures as described herein. The Court directs counsel to confer as to this show-cause order and to file **no later than October 18, 2018**, a joint status report as to their respective positions regarding this

proposed additional sanction.  On receipt thereof, the Court will provide counsel with additional direction.

The Court also sets the following firm case-management deadlines:  All fact discovery must be completed **no later than December 31, 2018**; discovery motions, if any, must be filed **no later than December 10, 2018;** and any responses to discovery motions are due within seven calendar days of the initiating motion.

Finally, the Court **DIRECTS** the parties to file **no later than January 4, 2019**, a Joint Status Report that (1) confirms the completion of discovery; (2) addresses whether the ends of justice warrant the parties engaging in dispositive-motion practice at that time and, if so, the particular grounds on which such motions would be warranted in light of the requirements of Federal Rule of Civil Procedure 1 for the "just, speedy, and inexpensive" resolution of such matters; (3) reports whether any expert-witness discovery is warranted and, if so, provides a jointly-proposed schedule to complete it; and (4) recommends a mutually agreeable date for a jury trial to commence in May 2019 (including the parties' estimation of the length of the trial).

On receipt of the Joint Status Report, the Court will set a scheduling conference to set final case-management deadlines.

IT IS SO ORDERED.

DATED this 4th day of October, 2018.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States Senior District Judge